# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN,
## GREEN BAY DIVISION

CITY OF MANITOWOC,

       Plaintiff,

     v.

NEWELL BRANDS INC. AND NEWELL
OPERATING COMPANY

       Defendants, Third-Party
       Plaintiffs,

     v.

E.J. SPIRTAS MANITOWOC, LLC AND
E.J. SPIRTAS GROUP LLC

       Third-Party Defendants.

Case No. 1:26-cv-00826

## THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiffs Newell Brands Inc. ("NBI") and Newell Operating Company ("NOC" and, together with NBI, "Third-Party Plaintiffs"), by their undersigned counsel, for their claims against E.J. Spirtas Manitowoc, LLC ("Spirtas Manitowoc") and E.J. Spirtas Group LLC ("Spirtas Group" and, together with Spirtas Manitowoc, "Third-Party Defendants"), allege as follows:

## NATURE OF ACTION

1.     This is a civil action originally brought by the City of Manitowoc (the "City") against Third-Party Plaintiffs pursuant to Wis. Stat. § 292.33, seeking cost recovery for costs allegedly incurred by the City in investigating, remediating, and redeveloping the property at 1512 Washington St, Manitowoc, Wisconsin (the "Property").

2. In its Complaint, the City also seeks a declaratory judgment holding Third-Party Plaintiffs liable for future response costs that the City may incur in connection with the investigation, remediation, and monitoring of hazardous substance discharges at the Property.

3. The City alleges that Third-Party Plaintiffs are "the successor in interest to Mirro Aluminum Company" and that Mirro Aluminum Company "caused and contributed to significant environmental impacts." (Cmplt. at ¶¶ 5, 10.)

4. The Property was owned or operated by several different entities other than Mirro Aluminum Company prior to the City's ownership, including Third-Party Defendants.

5. Due to the acts and omissions of Third-Party Defendants during Spirtas Manitowoc's ownership of the Property, hazardous substances, including polychlorinated biphenyls ("PCBs"), were discharged to the environment at the Property.

6. Third-Party Plaintiffs have incurred costs to investigate hazardous substances discharged to the environment at the Property due to Third-Party Defendants' acts and omissions.

7. The City has also alleged that it "has incurred at least $5,899,904.89 in necessary and reasonable costs related to investigating contamination, planning and implementing remedial actions, conducting remediation to restore the Property for its intended future use, and engineering fees for administering these tasks." (Cmplt. at ¶ 58.)

8. Third-Party Plaintiffs file this Third-Party Complaint to: (1) establish the liability of Third-Party Defendants under federal and state law for the contamination of the Property; (2) determine Third-Party Defendants' equitable shares of the costs of investigating and cleaning up the Property; (3) require Third-Party Defendants to pay their fair portion of past and future investigation and remediation costs associated with the Property under the Comprehensive

Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9601 *et seq.*, and Wisconsin common law of contribution; and (4) require Third-Party Defendants to pay their fair portion of any costs Third-Party Plaintiffs are found to be liable for to the City in the underlying Complaint.

## PARTIES

9. Defendant and Third-Party Plaintiff NBI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Georgia.

10. Defendant and Third-Party Plaintiff NOC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Georgia.

11. Third-Party Defendant Spirtas Manitowoc is a limited liability company registered in the State of Missouri. Upon information and belief, its sole member is Spirtas Group, whose sole member is Eric J. Spirtas, a citizen of the State of Missouri.

12. Third-Party Defendant Spirtas Group is a limited liability company registered in the State of Missouri. Its sole member is Eric J. Spirtas, a citizen of the State of Missouri.

## JURISDICTION

13. This Court has federal question subject matter jurisdiction over the claims in this Third-Party Complaint pursuant to 28 U.S.C. § 1331 and CERCLA § 113(b), 42 U.S.C. § 9613(b).

14. In addition, the Court has diversity subject matter jurisdiction over the claims in this Third-Party Complaint, pursuant to 28 U.S.C. § 1332, providing diversity jurisdiction, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

15. Third-Party Defendants are citizens of the State of Missouri. Third-Party

3

Plaintiffs are citizens of Delaware and Georgia.  The City has demanded over $5 million in damages.

16.     Venue is proper under 28 U.S.C. § 1391, 28 U.S.C. § 1441(a), 28 U.S.C. § 130(a), and 42 U.S.C. § 9613(b) because this district is one in which events or omissions giving rise to the claims occurred and because the action was originally filed in the Circuit Court of Manitowoc County, Wisconsin.

17.     Third-Party Plaintiffs have assented to the jurisdiction of the District Court of the Eastern District of Wisconsin for the purposes of this litigation.

18.     As set forth above and below, Third-Party Defendants and/or their predecessors are conducting business and/or have conducted business in the State of Wisconsin during the relevant time period, and have or had sufficient contacts with the State of Wisconsin to be subject to the jurisdiction of this Court.

### FACTUAL BACKGROUND

**A.     Site Operations Prior to Spirtas Manitowoc's Ownership**

19.     The Property has historically been operated by multiple different owners.

20.     In the late 1800s, the Henry Vits Tannery occupied the northeast portion of the Property.

21.     Mirro Aluminum Company or predecessor companies operated at the Property beginning in or around 1898.

22.     Newell Companies, Inc. (now known as NBI) acquired Mirro Corporation in 1983.

23.     Newell Holdings Delaware, Inc., which was an affiliate of Third-Party Plaintiffs, owned the Property as of March 26, 2004, when it signed a special warranty deed conveying the Property to Union St. Partners, L.L.C., a Michigan limited liability company ("Union Street

4

Partners"). Neither Third-Party Defendants nor any of their current or former affiliated companies owned or operated the Property after the sale of the Property to Union Street Partners.

24. The Property was subsequently conveyed to Kenneth J. Lemberger, Sr., and then to Mirro Building, LLC.

25. Spirtas Manitowoc acquired the Property from Mirro Building, LLC through a quit claim deed, dated June 2, 2006.

**B.  Contamination Caused by Third-Party Defendants**

26. Documents describing the condition of the Property while owned by Spirtas Manitowoc detail environmental contamination and neglect of the Property.

27. Prior to Third-Party Defendants' activities on site, the Property was in dramatically different condition than that alleged by the City in their pleading.

28. For example, an STS Consultants, Ltd. ("STS") Phase I Environmental Site Assessment, dated June 20, 2003 ("STS Phase I Report"), states that "STS is not aware that the value of the subject property is significantly less than the value of comparable properties because of environmental issues." (*See* STS Phase I Report, attached as Exhibit 1, at 13.)

29. The STS Phase I Report also does not include any observations of releases of PCB-containing fluids, and it specifically notes, in relation to a transformer labeled as containing PCBs, that "[e]vidence suggesting a release of PCB-containing fluids near the transformer was not observed." (Ex. 1, at 31.)

30. Following the acquisition of the Property by Spirtas Manitowoc, the condition of the site dramatically declined.

31. For example, a September 2, 2008, Site Reconnaissance Memorandum performed by STS on behalf of the City, attached as Exhibit 2, details an August 19, 2008, site visit and

5

summarizes items which STS opined required immediate attention. Those items included "several 55-gallon drums of apparent PCB containing transformer fluid"; "several piles of building debris" inside a building, including "debris likely contain[ing] asbestos containing materials (ACM)";  and "twenty to thirty containers with unknown fluids." (Ex. 2 at 1.)

32.     Recognizing the Third-Party Defendants' impact on the Property, the WDNR began enforcement activities with respect to one or both Third-Party Defendant.

33.     WDNR issued a Responsible Party letter to Spirtas Group on April 23, 2010 ("Spirtas RP Letter"), attached as Exhibit 3.

34.     The Spirtas RP Letter was addressed to Eric J. Spirtas, EJ Spirtas Group LLC, and states, "On June 20, 2006, you, a member of E.J. Spirtas Manitowoc, LLC, purchased Block 246, 1512 Washington Street, from Mirro Building, LLC, therefore the Department considers you the responsible party for the environmental releases at the property." (Ex. 3 at 1.)

35.     An April 6, 2011, Action Memorandum, from U.S. EPA On-Scene Coordinator ("OSC") Kathy Halbur (the "Action Memo"), attached as Exhibit 4, likewise details activities by Third-Party Defendants that contributed to the condition of the Property:

> In October 2010, drums were discovered by a contractor conducting an EPA Targeted Brownfields Assessment (TBA) in the [buildings at the Property].  The drums were not present during previous (2006 and 2009) investigations at the [Property].  Based on the location of the majority of the drums, it appeared that transformers at the facility had been drained into the containers.  Staining observed on the floor surrounding the transformers intimated that oil had been spilled when the transformers were emptied.

(Ex. 4 at 2.)

36.     The Action Memo describes drums that were placed on the Property after Third-Party Plaintiffs' affiliates had sold and ceased operations on the Property. *Id.*

37.     The Action Memo explains that sampling "confirmed PCB contamination on the floor surrounding the transformers and high PCB concentrations in the drums (up to 500,000

6

mg/kg---or 'parts per million' (ppm)---PCB-1260).  The TBA contractor also demonstrated that the spilled oil seeped to the sub-surface soil."  (Ex. 4, at 2.)

38.     In an August 4, 2011, CERCLA Removal Polrep (or Pollution/Situation Report) from U.S. EPA OSC Kathy Halbur (known as POLREP #1), attached as Exhibit 5, Ms. Halbur further described the "illegal[]" draining of the transformers and resulting spill:

> During a Targeted Brownfields Assessment (TBA) at the Site, it was discovered that the transformers at the facility had been illegally drained and that transformer oil had been spilled on the floors. The Wisconsin Department of Natural Resources (WDNR) required EJ Spirtas LLC to take immediate action to remediate the situation. Mr. Spirtas did not comply with WDNR's requirements and WDNR requested EPA assistance.
>
> In January 2010, U.S. EPA conducted a Site Assessment at the [Property] to further evaluate the conditions discovered during the TBA. Approximately thirty small drums of waste oil (some with extremely high concentrations of PCBs) and approximately ten additional drums of abandoned waste liquids (including flammables) were documented at the Site. Evidence of spills in and around two transformer rooms was observed. Floor drains that lead off site were observed in the areas of known spills.

(Ex. 5 at 2.)

39.     The September 29, 2011, Final Removal Polrep from U.S. EPA OSC Kathy Halbur (known as POLREP #2), attached as Exhibit 6, describes the Property as "a former aluminum products manufacturing facility that is currently vacant and slated for demolition by the property owner, EJ Spirtas Group, LLC, a … demolition company."  (Ex. 6 at 1.) It describes the facility as being in "poor condition" and states that "there is evidence throughout the building of trespassing and criminal activity." (*Id.* at 1-2.)

40.     In addition, a July 6, 2016, Site Specific Sampling and Analysis Plan conducted by Stantec ("Stantec 2016 SAP"), attached as Exhibit 7, identifies actions Spirtas Manitowoc took to demolish buildings located on the Property:

> EJ Spirtas Manitowoc, LLC purchased the property in 2006 and subsequently razed the 3-story facility previously located on the northeast corner of the

7

property and several smaller buildings in March 2014; however the Wisconsin Department of Natural Resources (WDNR, 2016) noted the demolition was not completed as demolition waste was left onsite. EJ Spirtas Manitowoc, LLC continued partial demolition of the remaining multi-story former industrial buildings to remove recyclables (i.e. copper pipes, scrap metal, wooden floors, etc.). To prevent unsafe work practices, the City placed a "stop work" order on the property on January 22, 2015.

(Ex. 7 at 1.)

41.     The Stantec 2016 SAP further states:

EJ Spirtas Manitowoc, LLC partially demolished portions of the remaining buildings primarily to facilitate removal of recyclable materials of value. Although the structural integrity of the buildings remains unconfirmed, it is known that large portions of the floors have been cut open, exterior and interior walls demolished, and columns potentially removed. Hastily conducted demolition likely rendered portions of the building structurally unsafe for occupancy which could pose a significant challenge and safety threat during completion of the proposed pre-demolition lead-based paint, asbestos, and hazardous material survey, abatement/removal of remaining hazardous materials from the building, and building demolition.

(*Id.* at 2.)

42.     The City issued a "Raze Order" for the Property to Spirtas Manitowoc, dated June 26, 2015, attached as Exhibit 8, because the property had "become dilapidated and out of repair and consequently, dangerous, unsafe, unsanitary or otherwise unfit for human habitation."

43.     The Raze Order warned, "If you shall fail or refuse to comply … the complex shall be razed and removed and the site restored to a dust-free and erosion-free condition by the City … and the cost of such razing, removal and restoration … shall be charged against the property, shall be a lien thereon, and may be assessed and collected as a special tax." (*Id.*)

44.     When the Raze Order was issued for the Property, neither Third-Party Plaintiffs nor any of their affiliates had owned or operated the Property in over 10 years.

45.     Upon information and belief, Spirtas Manitowoc did not comply with the Raze Order, and the City acquired the Property in 2016 through a condemnation action.

8

46. The City, itself, completed demolition activities at the Property and now seeks to recover its costs from Third-Party Plaintiffs through its Complaint. (*See, e.g.,* Cmplt. at ¶¶ 30, 53, and 72.)

47. As a result of Third-Party Defendants' acts and omissions, hazardous substances, including PCBs, were discharged to the environment at the Property.

**C. Costs Incurred by Third-Party Plaintiffs**

48. On September 24, 2018, WDNR issued a Responsible Party Letter to NBI in connection with the Property ("NBI RP Letter").

49. NOC subsequently engaged Ramboll Americas Engineering Solutions, Inc. ("Ramboll") to complete environmental site investigation activities at the Property pursuant to the NBI RP Letter.

50. Ramboll has undertaken environmental investigation activities at the Property on NOC's behalf.

51. Ramboll's activities have included investigation of hazardous substances released as a result of acts and omissions by Third-Party Defendants.

52. To date, NOC has incurred in excess of $700,000 in investigation activities related to the Property.

**D. City's Cost Recovery Action**

53. On April 9, 2026, the City of Manitowoc filed a Complaint against Third-Party Plaintiffs in the Circuit Court of Manitowoc County, Wisconsin, seeking cost recovery from Third-Party Plaintiffs in excess of $5,899,904.89 under Wis. Stat. § 292.33 for all costs they have incurred in investigating, remediating, and redeveloping the Property. (Cmplt. at ¶ 58.)

54. Third-Party Plaintiffs removed the City's lawsuit to the Eastern District of

9

Wisconsin, Green Bay Division, where they continue to defend the case.

**COUNT ONE**
**(CERCLA § 107(a) COST RECOVERY FOR THIRD-PARTY PLAINTIFFS' COSTS)**

55.     Third-Party Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 54, above, with the same force and effect as if fully set forth herein.

56.     Each Third-Party Defendant is a "person" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

57.     The Property is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

58.     PCBs and other environmental contaminants Third-Party Plaintiffs have investigated are "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

59.     There has been a "release" and/or "threatened release" of hazardous substances into the environment at the Property, within the meaning of CERCLA §§ 101(14) and (22), 42 U.S.C. §§ 9601(14) and (22).

60.     Third-Party Defendants are liable and responsible parties for costs or damages incurred, or to be incurred, in connection with the "release" and/or threatened "release" of "hazardous substances" at the Property pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), including because they owned or operated the Property at the time hazardous substances were disposed of (CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2)), and arranged for disposal of hazardous substances on the Property (CERCLA § 107(a)(3), 42 U.S.C. § 9607(a)(3)).

61.     Each such release of hazardous substances at the Property has caused and will continue to cause Third-Party Plaintiffs to incur necessary response costs.

62.     Pursuant to CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B), Third-

10

Party Plaintiffs are entitled to cost recovery from Third-Party Defendants for necessary response costs incurred or to be incurred by Third-Party Plaintiffs, including their investigation costs as well as any other necessary response costs consistent with the National Oil and Hazardous Substances Contingency Plan, 40 C.F.R. Part 300 *et seq.* (the "NCP").

63. Third-Party Plaintiffs are providing a copy of this Complaint to the Attorney General of the United States and to the Administrator of the Environmental Protection Agency pursuant to CERCLA Section 113(l), 42 U.S.C. § 9613(l).

WHEREFORE, Third-Party Plaintiffs respectfully request that the Court enter a judgment in its favor and against each Defendant, as follows:

(a) declaring that each Third-Party Defendant is jointly and severally liable under 42 U.S.C. § 9607(a)(4)(B) for response costs incurred or to be incurred by Third-Party Plaintiffs as a result of releases or threatened releases of hazardous substances at the Property; and

(b) awarding Third-Party Plaintiffs an amount determined by the Court to satisfy the obligation of each Third-Party Defendant for all necessary response costs incurred and to be incurred by Third-Party Plaintiffs.

**COUNT TWO**
**(CERCLA DECLARATORY JUDGMENT)**

64. Third-Party Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 63, above, with the same force and effect as if fully set forth herein.

65. An actual controversy exists, within the meaning of 28 U.S.C. § 2201 and CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), between Third-Party Plaintiffs and Third-Party Defendants regarding their respective rights and responsibilities for the costs incurred and to be incurred with respect to the Property.

66. Third-Party Plaintiffs will continue to incur necessary response costs as a direct

11

consequence of the acts and omissions of Third-Party Defendants.

67.     Pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2), Third-Party Plaintiffs are entitled to a declaratory judgment that Third-Party Defendants are liable for their proportionate shares of future response costs incurred by Third-Party Plaintiffs, including their investigation costs as well as any other necessary response costs consistent with the NCP.

WHEREFORE, Third-Party Plaintiffs respectfully request that the Court enter a judgment in its favor and against each Defendant, as follows:

(a)     declaring that each Third-Party Defendant is a liable party under 42 U.S.C. § 9607(a);

(b)     declaring that, using such equitable factors as the Court deems appropriate, the Court has determined the percentage share of equitable responsibility attributable to each Third-Party Defendant for the response costs incurred and to be incurred by Third-Party Plaintiffs arising from releases or threatened releases of hazardous substances at the Property;

(c)     declaring that the liability of each Third-Party Defendant for its fair and equitable share of necessary response costs incurred and to be incurred at the Property by Third-Party Plaintiffs is binding in any subsequent action to recover further response costs or damages arising from the Property; and

(d)     declaring that each Third-Party Defendant is jointly and severally liable under 42 U.S.C. § 9607(a)(4)(B) for response costs incurred and to be incurred by Third-Party Plaintiffs as a result of releases or threatened releases of hazardous substances at the Property.

## COUNT THREE
## (STATE LAW CONTRIBUTION FOR THIRD-PARTY PLAINTIFFS' COSTS)

68.     Third-Party Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 67, above, with the same force and effect as if fully set forth herein.

12

69. Third-Party Plaintiffs have a common law right to contribution under Wisconsin law where they have borne a disproportionate share of the burden.

70. Due to Third-Party Defendants' acts and omissions during Spirtas Manitowoc's ownership of the Property, which resulted in the discharge of contamination to the environment, each Third-Party Defendant is liable for a share of the costs Third-Party Plaintiffs have incurred in investigating the Property pursuant to WDNR's requirements.

71. Third-Party Plaintiffs have been damaged by incurring a disproportionate share of costs to investigate and address the contamination caused by Third-Party Defendants' acts and omissions at the Property.

72. Pursuant to Wisconsin common law principles of contribution, Third-Party Plaintiffs are entitled to contribution from Third-Party Defendants equal to Third-Party Defendants' proportionate shares of the costs based on Third-Party Defendants' discharges of hazardous substances to the environment at the Property that occurred during Third-Party Defendants' ownership and/or operation of the Property, or resulted from Third-Party Defendants' acts and omissions at the Property.

WHEREFORE, Third-Party Plaintiffs respectfully request that the Court enter a judgment in its favor and against each Defendant, as follows:

(a) requiring contribution to Third-Party Plaintiffs of that Third-Party Defendant's proportionate share of any costs Third-Party Plaintiffs have incurred in connection with the Property.

## COUNT FOUR
### (STATE LAW CONTRIBUTION FOR THE CITY'S COSTS)

73. Third-Party Plaintiffs repeat and reallege each allegation contained in Paragraphs

13

1 through 72 with the same force and effect as if fully set forth herein.

74.     Third-Party Plaintiffs have a common law right to contribution under Wisconsin law where they have borne a disproportionate share of the burden.

75.     The City's Complaint seeks cost recovery from Third-Party Plaintiffs in excess of $5,899,904 for all costs the City alleges it has incurred in investigating, remediating, and redeveloping the Property. (Cmplt. at ¶ 58.)

76.     The City's Complaint also seeks a declaratory judgment that Third-Party Plaintiffs are "a responsible person under Wis. Stat. ch. 292 and … liable for all past and future response costs incurred by the City in connection with the investigation, remediation, and monitoring of hazardous substance discharges at the Property." (Cmplt. at ¶ 88.)

77.     Third-Party Defendants are tortfeasors whose acts and omissions caused or contributed to the contamination and damages alleged in the City's Complaint.

78.     To the extent that Third-Party Plaintiffs are found liable to the City in the underlying action for any costs not caused solely by Third-Party Plaintiffs, Third-Party Plaintiffs are entitled to contribution from Third-Party Defendants for their proportionate shares of fault and resulting liability.

WHEREFORE, Third-Party Plaintiffs respectfully request that the Court enter a judgment in its favor and against each Defendant, as follows:

(a)     requiring contribution to Third-Party Plaintiffs of that Third-Party Defendant's proportionate share of any costs Third-Party Plaintiffs are found to be liable for to the City in the underlying Complaint.

### **PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiffs respectfully request the relief set forth in Counts

14

One through Four, above, and further request that the Court enter a judgment in its favor and against each Defendant, as follows:

(a)      awarding prejudgment interest, reasonable attorneys' fees, and such other costs, fees and expenses as allowed by law; and

(b)      granting any further relief as the Court deems just, equitable, and appropriate.

15

Respectfully submitted,

Dated: June 15, 2026

s/ *Ann H. MacDonald*
Ann H. MacDonald
Mariam Weber
Meera S. Gorjala
**ARENTFOX SCHIFF LLP**
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
(312) 258-5500
ann.macdonald@afslaw.com
mariam.weber@afslaw.com
meera.gorjala@afslaw.com

Andrew N. Sawula
**ARENTFOX SCHIFF LLP**
One Westminster Place, Suite 200
Lake Forest, IL 60045
847-295-9200
andrew.sawula@afslaw.com

Jodi Arndt Labs
**LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**
231 South Adams Street
Green Bay, Wisconsin 54305
Telephone: (920) 437-0476
Facsimile: (920) 437-2868
Email: jodi@lcojlaw.com

Attorneys for Third-Party Plaintiffs Newell
Operating Company and Newell Brands Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 15, 2026, I electronically filed a true and correct copy of the

foregoing using the Court's e-filing system and served all counsel of record via the same.

*Daniel J. Blinka*
*Hayley Rich-Noble*
*William J. Nelson*
*833 East Michigan Street, Suite 1800*
*Milwaukee, WI 53202-5615*
*dblinka@gklaw.com*
*hrichnoble@gklaw.com*
*wnelson@gklaw.com*

*Edward B. Witte*
*9086 North Bayside Drive*
*Milwaukee, WI 53217*
*ned@wittedavis.com*

*Eric G. Nycz*
*900 Quay Street*
*Manitowoc, WI 54220*
*enycz@manitowocwi.gov*

/s/ *Ann H. MacDonald*
Ann H. MacDonald

17