**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| CITY OF MANITOWOC,<br><br>Plaintiff,<br><br>v.<br><br>NEWELL BRANDS INC. AND NEWELL OPERATING COMPANY,<br><br>Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>E.J. SPIRTAS MANITOWOC, LLC AND E.J. SPIRTAS GROUP LLC,<br><br>Third-Party Defendants. | ) | Case No. 1:26-cv-00826 |

**THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

COME NOW, Third-Party Defendants E.J. Spirtas Manitowoc, LLC and E.J. Spirtas Group, LLC (collectively, "Third-Party Defendants"), by and through undersigned counsel, and respectfully submit this reply in support of their Motion to Dismiss the Third-Party Complaint.

**INTRODUCTION**

Third-Party Plaintiffs' response does not cure the central pleading defects. It confirms them. The response relies on agency labels, allegations directed to the Third-Party Defendants collectively, and factual assertions that do not identify what E.J. Spirtas Group LLC ("Spirtas Group") itself owned, operated, directed, or arranged. Rule 8 requires a plausible claim against each defendant, not a plausible claim against an undefined group of affiliated entities.

The response also does not identify the common liability to the same third person for the same obligation that Wisconsin law requires for contribution. It instead treats the existence of environmental obligations as equivalent to common liability. Those are not the same thing.

Third-Party Defendants do not ask the Court to decide whether contamination occurred, weigh competing evidence, or require dollar-by-dollar proof of response costs. The dispositive pleading questions are narrower: whether the Third-Party Complaint alleges facts placing Spirtas Group itself within a category of covered persons under CERCLA, and whether Counts III and IV allege a shared liability to an identified third person for the same damages. It does neither. At minimum, all claims against Spirtas Group and the state-law contribution counts should be dismissed.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires more than labels, conclusions, or a formulaic recitation of the elements of a claim. *Twombly*, 550 U.S. at 555. Although the Court accepts well-pleaded factual allegations and draws reasonable inferences in the claimant's favor, it need not accept legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

The pleading must contain facts permitting a reasonable inference that each defendant is liable for the misconduct alleged. Seventh Circuit law likewise rejects collective pleading that fails to identify the conduct attributable to each defendant. See Bank of Am., N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013) (explaining that liability is personal, each defendant is entitled to know

what conduct is alleged to be wrongful, and a complaint based on collective responsibility must be dismissed). Documents attached to or incorporated into the Third-Party Complaint may be considered on a Rule 12(b)(6) motion, but they do not relieve Third-Party Plaintiffs of pleading facts that plausibly establish each element of each claim against each entity.

Third-Party Plaintiffs invoke the distinction between factual allegations and legal conclusions in opposing the Motion, but their response repeatedly asks the Court to supply entity-specific facts absent from the Third-Party Complaint. *Twombly* and *Iqbal* do not permit the Court to fill those gaps with speculation or collective conclusions.

## ARGUMENT

### I. THE THIRD-PARTY COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT SPIRTAS GROUP IS A COVERED PERSON

Newell's response confirms that the claim against Spirtas Group depends on collective pleading and regulatory shorthand. Newell points to allegations concerning "Third-Party Defendants," an EPA report referring to Spirtas Group as the "property owner," and a WDNR letter addressed to Eric J. Spirtas at Spirtas Group. None identifies the act by Spirtas Group that allegedly makes it an owner, operator, or arranger under 42 U.S.C. § 9607(a).

#### A. The WDNR letter does not allege that Spirtas Group purchased or owned the Property.

Newell's own quotation defeats its characterization of the WDNR letter. The letter states that Eric J. Spirtas, "a member of E.J. Spirtas Manitowoc, LLC," purchased the Property. It does not state that Spirtas Group purchased the Property, held title, or owned the Property when disposal occurred. Nor does the Third-Party Complaint identify any deed, conveyance, or chain-of-title allegation showing that Spirtas Group ever held title. The letter's address to an individual at an

affiliated company does not plausibly establish that the affiliated company acquired or owned the Property.

Nor does the designation "responsible party" establish that Spirtas Group falls within one of CERCLA's statutory categories. The letter was issued under Wisconsin law, as Newell acknowledges. A regulator's conclusion cannot replace facts identifying the statutory basis for Spirtas Group's alleged federal CERCLA liability.

### B. The EPA reference to Spirtas Group as "property owner" does not supply the missing ownership or operational facts.

The response next relies on an EPA report describing the Property as slated for demolition by "the property owner, EJ Spirtas Group, LLC." That isolated description does not resolve the entity-specific pleading defect. The report does not identify the source of its ownership information, state that Spirtas Group acquired title, or reconcile its description with Newell's allegation that Spirtas Manitowoc acquired the Property. Nor does the quoted language allege that Spirtas Group actually performed demolition, directed the transformer draining, handled PCB-containing materials, or exercised control over any pollution-related operation. At most, the report alleges that demolition was contemplated. It does not supply facts plausibly establishing that Spirtas Group owned the Property when disposal occurred or itself operated the facility within the meaning of § 107(a).

The same problem defeats operator liability. Newell does not allege who employed the persons who allegedly drained transformers, who directed the demolition, who controlled waste-handling decisions, or what Spirtas Group itself did at the facility. *United States v. Bestfoods* holds that corporate affiliation alone does not impose CERCLA liability. 524 U.S. 51, 61-64 (1998). Direct operator liability requires that the affiliated entity itself "manage, direct, or conduct operations specifically related to pollution," including environmental compliance or hazardous-

waste disposal. *Id*. at 66-67. The Third-Party Complaint contains no such entity-specific allegation against Spirtas Group.

### C. Collective allegations cannot establish arranger liability against Spirtas Group.

Newell also invokes § 107(a)(3), but it identifies no facts showing that Spirtas Group took intentional steps to dispose of a hazardous substance. *See Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 610-12 (2009) (explaining that arranger liability attaches when an entity takes intentional steps to dispose of a hazardous substance and that knowledge of possible spills, without more, is insufficient). The alleged transformer draining and abandonment of drums may describe disposal activities, but the Third-Party Complaint must still plead a plausible basis for attributing an arrangement for that disposal to Spirtas Group. It identifies no person acting on Spirtas Group's behalf, no conduct showing that Spirtas Group directed or authorized disposal, and no other factual basis for attributing those activities to that entity. Allegations that "Third-Party Defendants" acted, followed by the conclusion that both entities are liable, do not tell Spirtas Group what it allegedly did that was wrongful. *See Knight*, 725 F.3d at 818.

This is not a request to resolve an evidentiary dispute. The problem is the absence of an allegation. Accepting the pleaded historical events and attached reports as true still does not identify conduct by Spirtas Group satisfying owner, operator, or arranger liability. All claims against Spirtas Group should therefore be dismissed.

## II. COUNTS III AND IV DO NOT ALLEGE THE COMMON LIABILITY REQUIRED FOR WISCONSIN CONTRIBUTION

Wisconsin contribution requires common liability: the parties must be liable to the same third person for the same obligation. *Farmers Mut. Auto. Ins. Co. v. Milwaukee Auto. Ins. Co.*, 8 Wis. 2d 512, 518-20, 99 N.W.2d 746, 750-51 (1959). Newell's assertion that multiple entities

caused or contributed to contamination does not answer that requirement. Separate environmental duties, even when arising from the same contaminated property, do not necessarily establish liability to the same person for the same legally cognizable obligation.

*Foss v. Madison Twentieth Century Theaters, Inc.* is directly instructive. 203 Wis. 2d 210, 551 N.W.2d 862 (Ct. App. 1996). There, property purchasers sought contribution for environmental cleanup expenses, but the Wisconsin Court of Appeals rejected the claim because the parties did not share common liability to a third person for the cleanup obligation. *Id*. at 220-23. The court explained that a statutory cleanup duty did not create common liability with a former owner merely because that owner may have contributed to the contamination. *Id*. Thus, the relevant question is not simply whether multiple parties contributed to environmental conditions, but whether Newell plausibly alleges that it and either Third-Party Defendant share liability for the same obligation owed to the same third person.

Newell identifies the City as the claimant in the underlying action, but it does not plausibly allege the same obligation owed to the City by Newell and either Third-Party Defendant. Wisconsin Stat. § 292.33 permits a qualifying local governmental unit to recover specified costs from two categories of responsible persons: a person who possessed or controlled the discharged hazardous substance when the local government acquired the property, and a person who caused the discharge. Wis. Stat. § 292.33(3)(a)1.-2. The Third-Party Complaint does not identify which statutory category allegedly applies to each Spirtas entity, what discharge each entity allegedly caused or possessed or controlled at the relevant time, or how that alleged liability overlaps with Newell's liability to the City for the same costs.

Newell also conflates two potentially different obligations. Its alleged investigation expenditures are costs Newell incurred and seeks to recover under CERCLA § 107(a). The City's

alleged remediation and related costs are the subject of the underlying state-law claim under Wis. Stat. § 292.33. Newell does not explain how its own investigation expenditures discharged any portion of a common liability owed to the City by Newell and either Third-Party Defendant. Nor does Rule 14 eliminate the substantive requirement of common liability; it permits a contingent third-party claim only where the third-party defendant may be liable to the defending party for all or part of the plaintiff's claim. Because Counts III and IV do not plausibly identify a shared obligation to the City for the same recoverable costs, they fail to state claims for Wisconsin contribution.

## III. THE EQUITABLE ALLOCATION LANGUAGE IN COUNT II IS NOT RELIEF AUTHORIZED BY § 113(g)(2)

Third-Party Defendants acknowledge that § 107(a) permits cost recovery and that § 113(g)(2) requires a declaration concerning liability for future response costs in a qualifying § 107 action. The narrower defect is that Count II additionally asks the Court to determine each Third-Party Defendant's "percentage share of equitable responsibility" using "equitable factors." The Seventh Circuit distinguishes apportionment under § 107(a), which turns on divisibility and causation, from equitable allocation under § 113(f), which applies in contribution. *See Von Duprin LLC v. Major Holdings, LLC*, 12 F.4th 751, 767-68 (7th Cir. 2021). Count II pleads a § 107(a) cost-recovery claim and seeks declaratory relief under § 113(g)(2), but it does not plead a § 113(f) contribution claim authorizing equitable allocation.

Newell now characterizes the requested percentage allocation as a voluntary limitation on recovery and suggests that the Court may simply disregard it. That response confirms that equitable allocation is not part of the § 107(a) and § 113(g)(2) theories actually asserted. Rule 8 permits alternative claims, but it does not create a statutory remedy that has not been pleaded. At minimum,

the request that the Court assign percentage shares based on equitable factors should be dismissed or stricken, without disturbing any otherwise sufficient request for declaratory relief.

## IV. THE COST ALLEGATIONS DO NOT CURE THE DEFENDANT SPECIFIC DEFECT AS TO SPIRTAS GROUP

Third-Party Defendants do not contend that Newell must trace every dollar of investigation expense to a particular release at the pleading stage, nor do they contend that a transfer of the Property automatically extinguished former-owner liability. Newell therefore spends substantial portions of its response answering arguments that need not be resolved on this Motion.

The narrower point remains: allegations that Newell incurred more than $700,000 investigating contamination do not identify why Spirtas Group is a covered person. Response costs and covered-person status are separate elements. Even if the cost allegations are sufficient as to the existence of response costs, they cannot substitute for facts showing that Spirtas Group owned or operated the facility at the time of disposal or arranged for disposal. The CERCLA claims should therefore be dismissed as to Spirtas Group.

## CONCLUSION

For the foregoing reasons, Third-Party Defendants respectfully request that the Court dismiss all claims against E.J. Spirtas Group LLC; dismiss Counts III and IV for failure to plead common liability to the same third person for the same obligation; dismiss or strike the request in Count II for percentage allocation based on equitable factors; and grant such other and further relief as the Court deems just and proper. In the alternative, Third-Party Defendants request dismissal of all CERCLA claims asserted against E.J. Spirtas Group LLC and such additional relief as the Court deems appropriate.

Dated this 12th day of October 2026.

Respectfully Submitted,

AEGIS Law

By: /s/ Robert L. Devereux
Robert L. Devereux, Mo. Bar No. 32963
601 South Lindbergh Blvd., Second Floor
St. Louis, Missouri 63131
Telephone: (314) 454-9100
Facsimile: (314) 454-9110
rdevereux@aegislaw.com
**Attorney for Third-Party Defendants**

STUART, TOKARZ & POLLARD LLC

By: */s/ Brian C. Tokarz*
Brian C. Tokarz
State Bar No: 1059556
309 N. Water Street, Suite 425
Milwaukee, WI 53202
Telephone: (414) 477-0850
Fax: N/A
btokarz@stpesq.com
**Attorneys for Third-Party Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed using the Court's e-filing system and served on all counsel of record via the same on this 12th day of October, 2026.

Daniel J. Blinka
Hayley Rich-Noble
William J. Nelson
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
dblinka@gklaw.com
hrichnoble@gklaw.com
wnelson@gklaw.com

Edward B. Witte
9086 North Bayside Drive
Milwaukee, WI 53217
ned@wittedavis.com

Eric G. Nycz
900 Quay Street
Manitowoc, WI 54220
enycz@manitowocwi.gov

**Attorneys for Plaintiffs**

Ann H. MacDonald
Mariam Weber
Meera S. Gorjala
233 S. Wacker Dr., Ste. 1700
Chicago, IL 60606
ann.macdonald@afslaw.com
mariam.weber@afslaw.com
meera.gorjala@afslaw.com

Andrew N. Sawula
One Westminster Place, Ste. 200
Lake Forest, IL 60045
andrew.sawula@afslaw.com

Jodi Arndt Labs
231 South Adams Street
Green Bay, WI 54305
jodi@lcojlaw.com

**Attorneys for Defendants, Third-Party Plaintiffs.**

/s/ Robert L. Devereux