# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN,**
**GREEN BAY DIVISION**

| | |
|---|---|
| CITY OF MANITOWOC,<br><br>Plaintiff,<br><br>v.<br><br>NEWELL BRANDS INC. AND NEWELL OPERATING COMPANY<br><br>Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>E.J. SPIRTAS MANITOWOC, LLC AND E.J. SPIRTAS GROUP LLC<br><br>Third-Party Defendants. | Case No. 1:26-cv-00826 |

**THIRD-PARTY PLAINTIFFS' SURREPLY IN OPPOSITION TO**
**<u>THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY COMPLAINT</u>**

The opening brief of Third-Party Defendants E.J. Spirtas Manitowoc, LLC ("Spirtas Manitowoc") and E.J. Spirtas Group LLC ("Spirtas Group" and, together, the "Spirtas Parties") advanced five arguments. Only one of those arguments was directed at Counts III and IV: that Newell Brands Inc. ("NBI") and Newell Operating Company ("NOC" and, together, the "Newell Parties") failed to connect their investigation costs to contamination caused by the Spirtas Parties. The Reply appears to abandon that argument (at least as to Spirtas Manitowoc) and asserts a new argument in its place: that Counts III and IV fail to allege a requisite common liability to the same third person for the same obligation. (ECF No. 27 at 5–7.) However, this argument, like their original argument, has no merit. Counts III and IV are premised on a common alleged liability to

the City of Manitowoc (the "City"), and the new cases cited by the Spirtas Parties do not support dismissal.

**ARGUMENT**

The Reply argues for the first time that the Third-Party Complaint does not identify how the Spirtas Parties fit under § 292.33 or how their liability overlaps with the Newell Parties' alleged liability. (*Id.*) But that is just wrong. The Third-Party Complaint pleads that the City sued the Newell Parties under § 292.33 to recover more than $5.8 million in alleged costs of investigating and remediating the Property, and that the City seeks a declaration that each of the Newell Parties is a "responsible person under Wis. Stat. ch. 292" liable for all past and future response costs. (ECF No. 12 ¶¶ 1–2, 7, 53, 75–76.) And it alleges that the Spirtas Parties' acts and omissions as described in the Third-Party Complaint "caused or contributed to the contamination and damages alleged in the City's Complaint." (*Id.* ¶ 77.) Thus, the common liability (to the extent the Newell Parties were deemed liable) is to the City. The fact that the City did not, itself, file a claim again the Spirtas Parties does not negate the existence of a common liability.

Count IV expressly seeks recovery from the Spirtas Parties for each of their proportionate shares of any costs that the Newell Parties are found to be liable for to the City. The contingent nature of Count IV does not defeat it. As the Reply admits, Rule 14 "permits a contingent third-party claim… where the third-party defendant may be liable to the defending party for all or part of the plaintiff's claim." (ECF No. 27 at 7.) That is precisely the situation in this action.

Count III, in turn, seeks costs incurred by the Newell Parties, themselves, to investigate and address contamination caused by the Spirtas Parties' acts and omissions at the Property. These costs mitigated the common alleged liability owed to the City. The Third-Party Complaint alleges that NOC incurred those costs responding to a September 24, 2018, Responsible Party Letter that the Wisconsin Department of Natural Resources ("DNR") issued to NBI. (ECF No. 12 ¶¶ 48–52.)

That letter recommended that NBI coordinate with the City. (ECF No. 1-1 at 35.) By undertaking that work directly, the Newell Parties incurred a disproportionate share of costs that may otherwise have been borne by the City, thereby limiting the amount of the City's underlying claim.

The Spirtas Parties themselves describe § 292.33 as authorizing recovery from "a person who caused the discharge" and from a person who possessed or controlled the discharged hazardous substance when the local government acquired the property. (*Id.* at 6.) The Third-Party Complaint clearly places the Spirtas Parties within those categories. It contains over 20 paragraphs describing "Contamination Caused by Third-Party Defendants," including allegations that the Spirtas Parties possessed or controlled discharged substances when the City acquired the Property. (ECF No. 12 ¶¶ 26–47; ECF No. 24 at 11.) Rule 8 does not require more specificity.

The Spirtas Parties rely principally on *Foss v. Madison Twentieth Century Theaters, Inc.*, 203 Wis. 2d 210, 551 N.W.2d 862 (Ct. App. 1996), to argue there is no common liability for environmental cleanup costs. (ECF No. 27 at 6.) However, that case presented distinguishable circumstances. In *Foss*, the purchasers of a former theater property removed and cleaned up a leaking fuel tank on their own land after DNR "instructed" what they should do; DNR "did not order remedial measures," and no third party ever asserted a claim against anyone. 203 Wis. 2d at 215–17. The purchasers sought contribution from the seller based solely on the general cleanup duty in former Wis. Stat. § 144.76(3), which the court held "imposes a duty to clean up but imposes no liability on anyone to anyone." *Id.* at 222–23. Having voluntarily acquired the property and simply discharged their own duty as owners, the purchasers could not "describe or name a person to whom that liability runs." *Id.* Here, by contrast, an identified third person—the City—has sued the Newell Parties, and the value of its claim was mitigated by work performed by NOC. The Spirtas Parties share that liability.

The Spirtas Parties' new argument also relies on *Farmers*, which likewise involved distinguishable circumstances. *Farmers* was an automobile negligence case in which an insurer, after settling an injury claim, sought contribution from the other driver's insurer without alleging any negligence by its own insured or any common liability. *Farmers Mut. Auto. Ins. Co. v. Milwaukee Auto. Ins. Co*., 8 Wis. 2d 512, 513–14, 99 N.W.2d 746, 747–48 (1959). The court set out the elements of contribution "as applied to negligence cases" and held that the complaint was deficient for failing to allege common liability. *Id.* at 515, 519. Here, although the Third-Party Complaint is not a negligence case, it none-the-less does allege common liability. (ECF No. 12 ¶¶ 75–78.)

Notably, courts allow Wisconsin common-law contribution claims to proceed alongside CERCLA claims arising from the same contamination. *See N. States Power Co. v. City of Ashland*, No. 12-cv-602-bbc, 2013 WL 12234547, at *4–7 (W.D. Wis. Apr. 1, 2013); *Truck Components Inc. v. Beatrice Co.*, No. 94 C 3228, 1994 WL 520939, at *12 (N.D. Ill. Sept. 21, 1994). The same result is warranted here.

## CONCLUSION

For these reasons and those stated in their Response (ECF No. 24), the Newell Parties respectfully request that the Court deny the Spirtas Parties' Motion to Dismiss in its entirety.

Dated: October 22, 2026

Respectfully submitted,

By: <u>*/s/ Ann. H. MacDonald*</u>
Ann H. MacDonald
Mariam Weber
Meera S. Gorjala
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500

Andrew N. Sawula
ARENTFOX SCHIFF LLP
One Westminster Place, Suite 200
Lake Forest, IL 60045
Tel: (847) 295-9200

Jodi Arndt Labs
LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
231 South Adams Street
Green Bay, Wisconsin 54305
Tel: (920) 437-0476

*Counsel for Third-Party Plaintiffs Newell Brands Inc. and Newell Operating Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Ann H. MacDonald*
Attorney for Third-Party Plaintiffs