**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| CITY OF MANITOWOC,<br><br>Plaintiff,<br><br>v.<br><br>NEWELL BRANDS INC. AND NEWELL OPERATING COMPANY,<br><br>Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>E.J. SPIRTAS MANITOWOC, LLC AND E.J. SPIRTAS GROUP LLC<br><br>Third-Party Defendants. | ) | Case No. 1:26-cv-00826 |

**THIRD-PARTY DEFENDANTS' RESPONSE IN OPPOSITION TO THIRD-PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

COME NOW, Third-Party Defendants E.J. Spirtas Manitowoc, LLC and E.J. Spirtas Group, LLC (collectively, "Third-Party Defendants"), by and through undersigned counsel, and respectfully submit this Response in Opposition to Third-Party Plaintiffs' Motion for Leave to File Surreply (Dkt. #28). The Motion should be denied because Third-Party Defendants' Reply did not inject a new claim or theory warranting additional briefing. Rather, the Reply responded directly to arguments Third-Party Plaintiffs themselves made in opposing dismissal of their Wisconsin contribution claims. If the Court nevertheless permits Third-Party Plaintiffs to file their proposed Surreply, Third-Party Defendants respectfully request leave to file a short response limited to the arguments first developed in that Surreply.

## ARGUMENT

### I. THE REPLY DID NOT RAISE A NEW CLAIM FOR DISMISSAL WARRANTING A SURREPLY

Third-Party Plaintiffs contend that a surreply is warranted because Third-Party Defendants purportedly raised "for the first time" the argument that Counts III and IV fail to allege the common liability necessary to maintain a contribution claim under Wisconsin law. (Dkt. #28). That characterization divorces the Reply from the briefing that preceded it.

Third-Party Defendants' opening memorandum expressly challenged the sufficiency of Counts III and IV. Among other things, Third-Party Defendants argued that the Wisconsin contribution claims necessarily depend on joint liability giving rise to a right of contribution and that the Third-Party Complaint did not plead facts establishing such liability. (Dkt. #19 at 9-13). The opening memorandum explained that, absent facts establishing liability attributable to Third-Party Defendants, "there could not be joint liability for which contribution could be sought." *Id*. at 9.

Third-Party Plaintiffs squarely responded to that issue. Their opposition asserted that the Third-Party Complaint's allegations "clearly allege joint liability for which contribution could be sought pursuant to Third-Party Plaintiffs' state law contribution claims (Count III and Count IV)." (Dkt. #24 at 15). Third-Party Plaintiffs' Response to Third-Party Defendants' Motion to Dismiss. Once Third-Party Plaintiffs affirmatively asserted that their allegations established the joint liability necessary for Wisconsin contribution, Third-Party Defendants were entitled to explain in reply why they did not.

That is what the Reply did. It explained that Wisconsin contribution requires more than allegations that multiple parties contributed to environmental conditions. Rather, the parties must share liability to the same third person for the same obligation. (Dkt. #27 at 5-7). The Reply then

applied that requirement to the allegations of the Third-Party Complaint and explained why Newell's pleading does not identify the requisite common obligation.

The fact that the Reply cited additional authority addressing the legal requirement Newell placed at issue does not transform the responsive argument into a new ground for dismissal. A reply necessarily addresses the arguments made in opposition. Otherwise, a moving party would be unable to explain why an opposition fails to answer an issue properly raised in the opening brief.

Third-Party Plaintiffs rely on the general rule that an issue raised for the first time in reply may be deemed waived. But that rule does not prevent a movant from responding to arguments developed in the opposition. Here, the Reply did precisely that. Third-Party Plaintiffs used their opposition to contend that they had established "joint liability for which contribution could be sought." (Dkt. #24 at 15). Third-Party Defendants' explanation of why the pleaded facts do not establish the common liability required by Wisconsin law is a response to that argument, not an unrelated theory injected into the case after briefing had closed.

The Court therefore has a complete adversarial presentation without further briefing, and the Motion for Leave should be denied.

## II. THE PROPOSED SURREPLY DOES MORE THAN RESPOND TO THE ALLEGEDLY "NEW" ARGUMENT

The proposed Surreply confirms why further briefing is unnecessary. Third-Party Plaintiffs do not merely address whether Wisconsin contribution requires common liability. They develop additional theories concerning how their own investigative expenditures allegedly relate to the City's separate claims.

For example, the proposed Surreply newly contends that Newell's investigation costs "mitigated the common alleged liability owed to the City" because, "[b]y undertaking that work directly, the Newell Parties incurred a disproportionate share of costs that may otherwise have been borne by the City, thereby limiting the amount of the City's underlying claim." (Dkt. #28-1 at 2-3).

That theory underscores, rather than cures, the pleading defect identified in Third-Party Defendants' Reply. The question is not whether Newell can now articulate a theory under which its expenditures might have reduced costs the City otherwise would have incurred. The question under Rule 12(b)(6) is whether the Third-Party Complaint itself alleges the common liability necessary to support Counts III and IV.

As Third-Party Defendants explained in their Reply, Newell's investigation expenditures and the City's alleged remediation and redevelopment costs are facially distinct obligations. The City's underlying action seeks recovery of its costs under Wis. Stat. § 292.33, while Newell separately alleges that it incurred more than $700,000 in its own investigation expenses. The Third-Party Complaint does not allege how Newell's separate expenditures discharged an obligation for which Newell and either Third-Party Defendant were commonly liable to the City. (Dkt. #27 at 6-7).

A surreply should not become a vehicle for supplying an allegation or theory missing from the challenged pleading. Third-Party Plaintiffs' attempt to explain the relationship between their investigation expenses and the City's damages after the completion of briefing does not establish that those facts were plausibly alleged in the Third-Party Complaint.

Likewise, Third-Party Plaintiffs' attempt to distinguish *Foss v. Madison Twentieth Century Theaters, Inc.*, 203 Wis. 2d 210, 551 N.W.2d 862 (Ct. App. 1996), does not warrant another round of briefing. The Surreply cited *Foss* for the substantive requirement that environmental obligations do not themselves establish the common liability required for contribution. The proposed Surreply argues that *Foss* is distinguishable because no third-party asserted a claim there. (Dkt. #28-1 at 3). But the mere existence of the City's lawsuit does not answer the issue identified in the Reply. Newell must plausibly allege that Newell and the Third-Party Defendants share liability to that Third-Party for the same obligation. Third-Party Defendants maintain that Counts III and IV do not do so.

Accordingly, allowing the proposed Surreply would not merely give Third-Party Plaintiffs an opportunity to answer an unforeseen issue. It would permit them to supplement their opposition and develop additional theories after Third-Party Defendants' Reply exposed deficiencies in their original argument.

## III. IF THE COURT ALLOWS THE SURREPLY, THIRD-PARTY DEFENDANTS SHOULD BE PERMITTED A LIMITED RESPONSE

If the Court determines that additional briefing would assist its consideration of the Motion to Dismiss, Third-Party Defendants respectfully request that the Court permit them to file a short response limited to the arguments presented in the Surreply.

That alternative relief is particularly appropriate because the proposed Surreply advances the theory that Newell's independent investigation expenditures "mitigated" its alleged common liability to the City. (Dkt. #28-1 at 2-3). Third-Party Defendants have not had an opportunity to respond to that formulation because it did not appear in Newell's original opposition.

Permitting Newell to advance that theory in an additional brief while denying Third-Party Defendants an opportunity to respond would reproduce the very concern Newell invokes as justification for a surreply. If the Court concludes that fairness requires consideration of Newell's proposed Surreply, fairness likewise warrants a limited response from Third-Party Defendants addressing arguments developed there for the first time.

Third-Party Defendants therefore respectfully request, in the alternative, leave to file a response not exceeding five pages within seven days after entry of an order granting Third-Party Plaintiffs leave to file their Surreply.

**CONCLUSION**

For the foregoing reasons, Third-Party Defendants E.J. Spirtas Manitowoc, LLC and E.J. Spirtas Group LLC respectfully request that the Court deny Third-Party Plaintiffs' Motion for Leave to File Surreply (Dkt. #28). In the alternative, if the Court grants the Motion and permits the proposed Surreply, Third-Party Defendants respectfully request leave to file a response not exceeding five pages, limited to the arguments raised in the Surreply, within seven days of the Court's order.

Dated this 29th day of October 2026.

Respectfully Submitted,
AEGIS Law

By: /s/ Robert L. Devereux
Robert L. Devereux, Mo. Bar No. 32963
601 South Lindbergh Blvd., Second Floor
St. Louis, Missouri 63131
Telephone: (314) 454-9100
Facsimile: (314) 454-9110
rdevereux@aegislaw.com
**Attorney for Third-Party Defendants**

STUART, TOKARZ & POLLARD LLC

By: */s/ Brian C. Tokarz*
Brian C. Tokarz
State Bar No: 1059556
309 N. Water Street, Suite 425
Milwaukee, WI 53202
Telephone: (414) 477-0850
Fax: N/A
btokarz@stpesq.com
**Attorneys for Third-Party Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed using the Court's e-filing system and served on all counsel of record via the same on this 29th day of October, 2026.

Daniel J. Blinka
Hayley Rich-Noble
William J. Nelson
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
dblinka@gklaw.com
hrichnoble@gklaw.com
wnelson@gklaw.com

Edward B. Witte
9086 North Bayside Drive
Milwaukee, WI 53217
ned@wittedavis.com

Eric G. Nycz
900 Quay Street
Manitowoc, WI 54220
enycz@manitowocwi.gov

**Attorneys for Plaintiffs**

Ann H. MacDonald
Mariam Weber
Meera S. Gorjala
233 S. Wacker Dr., Ste. 1700
Chicago, IL 60606
ann.macdonald@afslaw.com
mariam.weber@afslaw.com
meera.gorjala@afslaw.com

Andrew N. Sawula
One Westminster Place, Ste. 200
Lake Forest, IL 60045
andrew.sawula@afslaw.com

Jodi Arndt Labs
231 South Adams Street
Green Bay, WI 54305
jodi@lcojlaw.com

**Attorneys for Defendants, Third-Party Plaintiffs.**

/s/ Robert L. Devereux